1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                            EASTERN DISTRICT OF CALIFORNIA

10

11   CHANTE C. PAPPION,                        No.  2:13-cv-01146-TLN-CMK

12              Plaintiff,

13       v.                                    **ORDER**

14   R-RANCH PROPERTY OWNERS
     ASSOCIATION, a California Non-Profit
15   Corporation; HAL GLOVER; MARK
     GRENBEMER; JOHN CROSBY; RON
16   BUCHER; MARK PERRY; MICHAEL
     HORNE; RICKWEVER; and Does 1 - 10,
17
                Defendants.
18

19

20            This matter is before this Court pursuant to Chante Pappion's ("Plaintiff") Ex

21   Parte Motion for Temporary Restraining Order (ECF No. 16).  Defendant R-Ranch Property

22   Owners Association ("R-Ranch"), on behalf of itself and each of the Defendants opposes

23   Plaintiff's motion.  (ECF No. 18.)   The Court has carefully considered the arguments raised by

24   both parties and for the reasons set forth below denies Plaintiff's motion.

25            R-Ranch is a family oriented recreational property.  Plaintiff alleges that she has a

26   deed to 1/2500 share of the property and is entitled to use and enjoy the property and its

27   amenities.  (Compl., ECF No. 2 at ¶ 4.)  On June 7, 2013, Plaintiff filed a complaint against

28   Defendants alleging violations of the Americans with Disabilities Act, Unruh Civil Rights Act,

                                              1

1    and California Disabled Persons Act (collectively referred to as "Disability Claims").  (ECF No.

2    2.)  Plaintiff is currently residing in her Recreational Vehicle ("RV") within the property.  (ECF

3    No. 16-1 at 2.)  On November 8, 2013, Defendants denied Plaintiff electricity access for her RV

4    while at the subject property.  (ECF No. 16-1 at 2.)   On November 13, 2013, Plaintiff filed an ex

5    parte motion for temporary restraining order alleging that Defendants deprived her of electricity

6    to retaliate against her for filing claims against them.  She further alleges that she pays an annual

7    assessment of $675 for continued use and enjoyment of the property, which entitles her to 30 days

8    of complementary electricity use per year.  Plaintiff asks this Court to enjoin Defendants from

9    depriving her of electricity access.  (ECF No. 16-1 at 3.)  Defendants counter that Plaintiff was

10    denied electricity access because her membership was suspended for failure to pay fines assessed

11    prior to the initiation of this suit.  (ECF No. 18.)  Additionally, Defendants contend that Plaintiff

12    cannot meet the standards required to obtain a temporary restraining order.  (ECF No. 18.)

13         The general standard for granting injunctive relief requires balancing a plaintiff's

14    likelihood of success on the merits against the relative hardships to the parties.  *Benda v. Grand*

15    *Lodge Int'l Assoc. Machinest*, 584 F.2d 308, 314–15 (9th Cir. 1978).  This balancing is a

16    continuum, wherein the required showing of irreparable harm varies inversely with the

17    probability of success. *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005).

18    The Supreme Court clarified the proper standard for granting or denying a preliminary injunction

19    stating that "[a] plaintiff seeking a preliminary injunction must establish that he is likely to

20    succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

21    relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."

22    *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (listing factors for preliminary

23    injunction); *see also Lockheed Missile & Space Co., Inc. v. Hughes 6 Aircraft Co.*, 887 F. Supp.

24    1320, 1323 (N.D. Cal. 1995) ("The standard for issuing a temporary restraining order is identical

25    to the standard for issuing a preliminary injunction.").

26         "A court issues a preliminary injunction in a lawsuit to preserve the status quo and

27    prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits."

28    *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (citing *Dataphase Sys., Inc., v. C L Sys.,*

1  *Inc.*, 640 F.2d 109, 113 & n. 5 (8th Cir. 1981) (en banc)).  Thus, a party moving for a preliminary

2  injunction must necessarily establish a nexus between the character of the injury claimed in the

3  party's motion for injunctive relief and the conduct asserted in the complaint.  *Id.*; *see also Ashker*

4  *v. Brown,* No.  C 09-5796 CW, 2013 WL 1701702, at *2–3 (N.D. Cal. Apr. 18, 2013); *see also*

5  *Tatum v. Puget*, No. C 10-0418 LHK (PR), 2011 U.S. Dist. LEXIS 71576, at *3 (N.D. Cal. July

6  1, 2011); *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975).

7          In the instant case, Plaintiff seeks injunctive relief concerning a matter that is of a

8  different character than the claims raised in her complaint.  Thus, if the Court were to grant

9  Plaintiff's motion it would in effect be providing relief beyond that which Plaintiff would be

10  entitled to should she prevail in her lawsuit.  This approach is disfavored.  *See Ashker*, 2013 WL

11  1701702, at *2–3; *see also Tatum*, 2011 U.S. Dist. LEXIS 71576, at *3 ("[A] preliminary

12  injunction may be granted only when the 'intermediate relief [is] of the same character as that

13  which may be granted finally.' ") (quoting *De Beers Consol. Mines v. United States*, 325 U.S.

14  212, 220 (1945)).  Thus, because Plaintiff's request for interim relief as stated in her motion is

15  unrelated to Plaintiff's pending Disability Claims, it would be inappropriate for this Court to grant

16  the relief sought.  *See Stewart v. United States I.N.S.*, 762 F.2d 193, 198–99 (2d Cir. 1985)

17  (holding that new assertions cannot provide the basis for a preliminary injunction); *Omega World*

18  *Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997) ("The purpose of interim equitable relief is to

19  protect the movant, during the pendency of the action, from being harmed or further harmed in

20  the manner in which the movant contends it was or will be harmed through the illegality alleged

21  in the complaint."); *Devose*, 42 F.3d at 471 ("a party moving for a preliminary injunction must

22  necessarily establish a relationship between the injury claimed in the party's motion and the

23  conduct asserted in the complaint"); *Kaimowitz v. Orlando, Fl.*, 122 F.3d 41, 43 (11th Cir. 1997)

24  ("A district court should not issue an injunction when the injunction in question is not of the same

25  character, and deals with a matter lying wholly outside the issues in the suit.").  As such,

26  Plaintiff's ex parte motion for a temporary restraining order (ECF No. 16) is DENIED.

27

28

1        IT IS SO ORDERED.

2   Dated: November 15, 2013

3

4                                                    _____
                                                     Troy L. Nunley
5                                                    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28